**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

JOANNE RABUFFO,

                   Defendant.
-----------------------------------------------------------X

MEMORANDUM OF
DECISION & ORDER
16-CR-148 (ADS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 14 2020 ★
LONG ISLAND OFFICE

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, NY 11722
    By:    Charles Peter Kelly, Assistant United States Attorney.

**Joanne Rabuffo**
*Pro Se Prisoner No. 89291-053*
FCI Danbury
33 ½ Pembroke Road
Danbury, CT 06811

**SPATT, District Judge:**

I.    **BACKGROUND**

    Defendant Joanne Rabuffo ("Rabuffo") is serving a 16-month sentence imposed by this Court after pleading guilty to tax evasion. She has approximately 13 remaining on this sentence.

    Presently before the Court is an application for compassionate release from custody to home confinement pursuant to § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, and 18 U.S.C. § 3624(c)(2). She brings this application as a result of her risk for life-threatening complications from the COVID-19 outbreak, namely, that: (1) she resides at Danbury FCI ("Danbury"); (2) no visitors have been permitted on camp grounds since March 13, 2020; (3) although no one at Danbury has been infected with

1

COVID-19, Attorney General William Barr said that Danbury is in danger of becoming a "hot zone" for the virus; and (4) local hospitals cannot treat inmates from Danbury. She asks that the Court transfer her to her home on Long Island.

The Government opposes the motion on the grounds that Rabuffo is not entitled to a sentence modification because (1) she has not exhausted her administrative remedies; and (2) her medical conditions are not extraordinary, thus making her motion devoid of merit.

## II. DISCUSSION

For the reasons listed in the Government's opposition, the Court denies Rabuffo's motion. The Court denies this motion on both procedural and substantive grounds.

### A. Legal Standards

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02-cr-743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020); *see United States v. Gross*, No. 15-cr-769, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment if, after considering the factors set forth in section 3553(a), "it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Gotti*, 2020 WL 497987, at *1.

Section 3582(c)(1)(A) imposes a "statutory exhaustion requirement" that "must be strictly enforced." *United States v. Monzon*, No. 99-cr-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) (internal quotation marks and alterations omitted)). The statute provides, in part, that a court may not modify a term of imprisonment once it has been imposed except that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of
> the defendant after the defendant has fully exhausted all administrative rights to

>appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that–
>
>(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The Government asserts that Rabuffo has not exhausted her administrative remedies with the Bureau of Prisons ("BOP"), and, that accordingly, the Court should deny the motion as not yet ripe for review. It notes that Rabuffo's motion "makes no reference to the filing of any request for compassionate release to the Warden of Danbury or to anyone else in the [BOP]," In addition, it alleges that the BOP has searched its own records and found no record of Rabuffo's applying for compassionate release. The Government also asserts that the Second Circuit's holding in *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019), in which the Second Circuit discussed exceptions to administrative exhaustion, is inapposite, because in that case, the court considered the invocation of a judge-made exhaustion doctrine.

The Government also contends that, even if the Court excuses Rabuffo's failure to exhaust, that her motion lacks merit. First, they assert that Rabuffo's motion does not mention any medical conditions, let alone those of the variety that would justify compassionate release. The only basis offered by the Government that could be construed as favoring Rabuffo is her age, 61, which the Government categorizes as "older," but "not an age that place her at high risk under the [CDC] guidelines." The Government also notes that Rabuffo's presentence investigation report (PSR) and her medical records at Danbury show her as being in good health, and although she suffers from occasional panic attacks that result in breathing difficulties, she has never been hospitalized

3

for them or been prescribed medication. The Government also asserts that Rabuffo's home on Long Island, one of the nation's earliest COVID hotspots, is not necessarily any safer of a location for Rabuffo than Danbury. Finally, the Government argues that it would not serve in the interests of justice to allow Rabuffo to serve only 20 percent of her sentence.

The Court agrees that the motion should be denied because Rabuffo has failed to exhaust her administrative remedies. In the alternative, and in any event, the Court further agrees with the Government that Rabuffo's motion lacks merit.

### B. Administrative Exhaustion

As to procedure, the Government correctly notes that Rabuffo fails to even mention exhaustion in her motion, and data from the BOP reveals no effort on her part to exhaust her administrative remedies. On this basis, the Court denies Rabuffo's motion.

There are two types of exhaustion requirements: jurisdictional ones and non-jurisdictional ones, which are also known as claim processing rules. *United States v. Hart*, 17-cr-248, 2020 WL 1989299, at *4 (S.D.N.Y. Apr. 27, 2020). Jurisdictional exhaustion requirements "govern a court's adjudicatory authority" and are not subject to any exceptions. *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012) (internal quotation marks omitted). Claim processing rules can be "forfeited if the party asserting the rule waits too long to raise the point." *Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S. Ct. 906, 915, 157 L. Ed. 2d 867 (2004). The Second Circuit has yet to squarely answer the question of whether § 3582(c)'s exhaustion requirement is jurisdictional. *Hart*, 2020 WL 1989299, at *4; *United States v. Monzon*, No. 99-cr-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020).

The Court rules that "[r]egardless of whether section 3582(c) is a jurisdictional statute or a non-jurisdictional claim-processing statute, its exhaustion requirement is clearly statutory and

therefore mandatory." *Hart*, 2020 WL 1989299, at *4; *Monzon*, 2020 WL 550220, at *2; *United States v. Tyreek Ogarro*, No 18-cr-373-9, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020). The Court also agrees with the Government's position that the Second Circuit's holding in *Washington* has no bearing on this case. In *Washington*, the Second Circuit considered exceptions to the Controlled Substances Act, which (a) contained no language mandating exhaustion of administrative remedies and (b) allowed the court to consider invoking a judge-made exhaustion doctrine. *See Washington*, 925 F.3d at 116, 118. The Second Circuit has yet to address the issue of whether these judge-made exhaustion doctrines apply to § 3582.

The statute at issue here, § 3582(c)(1)(A), "involves a mandatory, statutory exhaustion requirement, which allows for no such exceptions." *United States v. Wright*, 17-cr-695, 2020 WL 1922371, at *2 (S.D.N.Y. Apr. 20, 2020) (citing *Bastek v. Fed. Crop. Ins. Corp.*, 145 F.3d 90, 95 (2d Cir. 1998) (rejecting application of exceptions to exhaustion requirements where clear statutory requirement exists); *United States v. Demaria*, No, 17-cr-569, 2020 WL 1888910, at *3 (S.D.N.Y. Apr. 16, 2020). *But see United States v. Perez*, No. 17-cr-513, --- F. Supp. 3d ----, 2020 WL 1546422 (applying *Washington*'s exceptions to § 3582(c)). The Court agrees with the cases holding that the statute's requirements are in fact mandatory, and accordingly, Rabuffo's failing to exhaust precludes the granting of her motion. *See, e.g., Demaria*, 2020 WL 1888910, at *3.

### C. The Merits of Rabuffo's Motion

In the event that the judge-made exceptions from *Washington* did apply to Rabuffo's case, the Court denies the motion on the merits, because Rabuffo raises no allegations of extraordinary medical conditions, with the exception of the threat of contracting COVID-19. The United States Sentencing Commission has the authority to define the scope of "extraordinary and compelling reasons," having so defined that term at United States Sentencing Guideline ("U.S.S.G.")

5

§ 1B1.13, comment n.1. *See United States v. Ebbers*, No. 02-cr-1144, --- F. Supp. 3d ----, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020). Extraordinary and compelling circumstances exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). Such circumstances also exist based on an "extraordinary or compelling reason other than, or in combination with, the [other] reasons described." *Id.*, comment n.1(D).

Rabuffo does not comply with that standard. Her age, combined with her record of mostly sound health, leave her far short of meeting the criteria for compassionate release. The United States District Court for the Southern District of New York recently denied compassionate release for a Defendant in similarly good health. *See United States v. Haney*, No, 19-cr-541, --- F. Supp. 3d ----, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020). The Court finds its reasoning, in particular its application of U.S.S.G. § 1B1.13, instructive:

> Haney fails to meet any of the above criteria. He is less than 65 years old and — unlike many of the prisoners who have applied in recent days for release because they suffer from asthma, diabetes, heart disease, or other deleterious health conditions make them unusually vulnerable to the effects of COVID-19— Haney is in reasonably good health. Admittedly, Haney's age of 61 places him at a higher risk of experiencing complications from COVID-19 than the general prison population. But if Henry's age alone were a sufficient factor to grant compassionate release in these circumstances, it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release and that would arguably have a devastating effect on a national community that is now itself so under stress.

*Id.* a *5. Courts within this Circuit who have granted motions for compassionate release have noted the maladies from which the defendants suffered. *See Perez*, 2020 WL 1546422, at *4 ("Perez's recent surgeries, and his persistent pain and vision complications, satisfy that

requirement."); *United States v Campagna*, No. 16-cr-78, 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (discussing the defendant's compromised immune system).

The Court further holds that to release Rabuffo so early on in her sentence would contravene the goals of her sentence itself. Other courts in this Circuit have similarly ruled. *See United States v. Martin*, No. 18-cr-834, 2020 WL 1819961, at *4 (denying motion to convert sentence to home confinement where defendant had served 16 months of a 66-month sentence); *United States v. Credidio*, No. 19-cr-111, ECF 62 (denying conversion to home confinement where defendant had served two months of a 33-month sentence).

The Court also notes that Rabuffo may refile her motion upon complying with the statuory exhaustion requirements of § 3582(c). *See, e.g., Demaria*, 2020 WL 1888910, at *4.

## III. CONCLUSION

Therefore, the Court denies Rabuffo's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because she has (1) failed to exhaust her administrative remedies; and (2) on the record before the Court, she has not presented extraordinary and compelling circumstances justifying her release. Rabuffo may renew her motion upon the fulfilment of the statutory exhaustion requirements set forth in § 3582.

It is **SO ORDERED.**

Dated: Central Islip, New York

May 14, 2020

s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge